No. 24-122 – *Lawyer Disciplinary Board v. Vickie L. Hylton, a member of the West Virginia State Bar*

**FILED**

**November 5, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WOOTON, Chief Justice, dissenting:

I respectfully dissent from the majority opinion; I would have adopted the Hearing Panel Subcommittee's ("HPS") recommended sanction for the respondent attorney, Vickie L. Hylton. Although "[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law," Syl. Pt. 3, *Comm. on Legal Ethics of the W. Va. State Bar v. Blair*, 174 W. Va. 494, 327 S.E.2d 671 (1984), I have long been of the opinion that this Court should give substantial deference to the HPS's recommendations. *See Law. Disciplinary Bd. v. Macia*, 246 W. Va. 317, 327, 873 S.E.2d 848, 858 (2022) (Wooton, J. dissenting) ("I am of the firm belief that the recommended sanction of the HPS, as the body charged with investigating complaints of violations of our Rules of Professional Conduct[], is entitled to substantial deference by this Court."); *see also Law. Disciplinary Bd. v. Schillace*, 247 W. Va. 673, 694, 885 S.E.2d 611, 632 (2022) (Wooton, J., dissenting) ("[T]his Court should temper justice with mercy[.]").

The respondent has been an active member of the West Virginia State Bar for twenty years, with no disciplinary record either before the Office of Disciplinary Counsel ("ODC") or this Court prior to the current proceeding. In recent years she has dedicated

1

her practice to protecting our most vulnerable population, children and protected adults, through her work as both a guardian ad litem and conservator.

Upon the ODC's institution of the underlying proceeding, the respondent recognized that her conduct was problematic and promptly stipulated to the charges before the HPS. The HPS heard the respondent's testimony, witnessed her demeanor, weighed her credibility against all of the evidence, and ultimately issued its report with detailed findings and conclusions. As to an appropriate sanction, the HPS recommended that the respondent be admonished for her conduct, along with other conditions. Both the respondent and the ODC consented to the HPS's recommended discipline.

The record indicates that the HPS thoughtfully considered the respondent's sanction in accordance with Rule 3.16 of the West Virginia Rules of Lawyer Disciplinary Procedure before choosing to recommend an admonishment. The HPS "weighed the evidence, weighed the credibility of the witnesses, weighed the mitigating factors that Disciplinary Counsel does not dispute, and made a thoughtful and fully justified recommendation to this Court." *Law. Disciplinary Bd. v. Greer,* 252 W. Va. 1, 14, 917 S.E.2d 1, 14 (2024) (Hutchison, J., dissenting). I am convinced that the HPS made its recommended sanction after a thorough and extensive review of the record before it, and nothing in the majority opinion persuades me otherwise. Because the HPS carefully considered its recommended sanction in this matter, as I stated in my dissenting opinion in *Macia*, the majority opinion should have afforded that recommended sanction substantial

deference and adopted it. *See* 246 W. Va. at 327, 873 S.E.2d at 858. Accordingly, I respectfully dissent.